**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 25 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GARY R. COZZOLINO, JR.,

      Plaintiff-Appellant,

v.

FEDERAL BUREAU OF
INVESTIGATION; ROCKY
MOUNTAIN DRUG TASK FORCE;
PUEBLO COUNTY
COMMISSIONER; PUEBLO
COUNTY ATTORNEY; PUEBLO
COUNTY SHERIFF'S
DEPARTMENT; PUEBLO POLICE
DEPARTMENT; PUEBLO COUNTY
PLANNING AND DEVELOPMENT;
and COLORADO DEPARTMENT OF
MOTOR VEHICLES,

      Defendants-Appellees.

No. 02-1035
(D.C. No. 01-K-2239)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Judge, **EBEL** and **LUCERO**, Circuit Judges.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-Appellant Gary R. Cozzolino, Jr. appeals from the district court's denial of his motion for reconsideration under Federal Rule of Civil Procedure 60(b). Cozzolino does not identify the grounds on which reconsideration was warranted, stating only that "[t]here is enough written factual material to proceed with this case." Because our review of the record reveals no basis for concluding that the district court erred by denying the Rule 60(b) motion, we AFFIRM.[1]

Cozzolino has also filed a motion for a "new district court trial," which is DENIED.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

---

[1]To the extent Cozzolino purports to challenge the district court's dismissal of his complaint, his appeal is untimely. The limitations period did not run from the filing of the motion for reconsideration because the motion was not filed within ten days of judgment, as required by Federal Rule of Appellate Procedure 4(a)(4)(A). Therefore, the appeal's timeliness is measured from the date of judgment, and the appeal was filed beyond Rule 4(a)(1)(B)'s 60-day deadline.